**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\* \* \*

**Order and Report & Recommendation**

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00100-RFB-BNW |
| Plaintiff, | |
| v. | |
| Pupo, et al., | |
| Defendants. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00703-RFB-BNW |
| Plaintiff, | |
| v. | |
| Laura C. Rehfeldt, et al., | |
| Defendants. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00704-RFB-BNW |
| Plaintiff, | |
| v. | |
| Deanna Molinar, | |
| Defendant. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00705-RFB-BNW |
| Plaintiff, | |
| v. | |
| Steven B. Wolfson, | |
| Defendant. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00706-RFB-BNW |
| Plaintiff, | |
| v. | |
| Mark J. Chambers, | |
| Defendant. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00710-RFB-BNW |
| Plaintiff, | |
| v. | |
| Aaron D. Ford, | |
| Defendant. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00716-RFB-BNW |
| Plaintiff, | |
| v. | |
| Rober E. Werbicky, | |
| Defendant. | |

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex., | Case No. 2:21-cv-00718-RFB-BNW |
| Plaintiff, | |
| v. | |
| State of Nevada, | |
| Defendant. | |

|  |  |
|---|---|
| Mr. Clayton-M. Bernard-Ex., <br><br> Plaintiff, <br><br> v. <br><br> Las Vegas Metropolitan Police Department, <br><br> Defendant. | Case No. 2:21-cv-00843-RFB-BNW |

In June 2021, the above-captioned matters were transferred to a single district judge and the undersigned magistrate judge under LR 42-1(a). The rationale for the transfer was that it would promote judicial efficiency, avoid duplicative filings by the parties, and would not result in prejudice to the parties. *See* Transfer Order.

By now it is a "well-established" principle that trial courts "have the inherent power to control their dockets." *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). Courts can exercise this power to "manage their cases and courtroom effectively." *Id.* (citing *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (per curiam)). This inherent power extends to the ability "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Alliance for Wild Rockies v. Marten*, 200 F. Supp. 3d 1129, 1130 (D. Mont. 2016).

Here, all of the above-captioned cases involve a police incident that allegedly occurred on or around September 19, 2017, resulting in plaintiff being charged with possession of marijuana. Tellingly, plaintiff filed an identical affidavit in nearly all of the above-captioned cases setting forth the same set of allegations. Also tellingly, plaintiff has sued some of the same defendants across several cases. Accordingly, the Court believes that—in order to control the disposition of these cases with economy of time and effort for the Court, counsel, and litigants—the district judge should centralize plaintiff's efforts to litigate the claims stemming from the September 2017 incident. Therefore, the Court will recommend that all of the above-captioned cases be administratively closed except for the leading case, that plaintiff be given an opportunity in the leading case to amend his complaint to include all of the claims he wishes to assert and

defendants he wishes to sue, and that the pending motions in the non-leading cases be dismissed with leave to re-file in the leading case.

### I.     Instructions for amendment

Plaintiff is instructed that should the district judge accept the undersigned's recommendation, then plaintiff should keep the following in mind for his amended complaint: If plaintiff chooses to file an amended complaint, the amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.

Plaintiff is further advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, plaintiff must give fair notice of each of the claims he is alleging against each defendant. He must allege facts showing how each defendant is involved and the approximate dates of their involvement. Put another way, plaintiff should tell the Court, in plain language, what each defendant did to him and when. "[L]egal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Further, plaintiff's amended complaint must be short and plain. The simpler and more concise plaintiff's complaint, the easier it is for the Court to understand it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

In federal court, litigants are subject to a notice-pleading standard. *Skierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). This standard "relies on liberal discovery rules and summary

1  judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*
2  Thus, the notice-pleading standard merely requires plaintiff to "give the defendant fair notice of
3  what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93
4  (2007).  As such, it is permissible but "not necessary to submit evidence to prove the allegations
5  in [a] complaint because plaintiff's factual allegations will be accepted as true" at the pleading
6  stage. *Knapp v. Cate*, 2010 WL 3521871, at *6 (E.D. Cal. Sept. 8, 2010).

## II.   Conclusion

IT IS THEREFORE RECOMMENDED that the following cases be DISMISSED and administratively closed: 2:21-cv-00703-RFB-BNW; 2:21-cv-00704-RFB-BNW; 2:21-cv-00705-RFB-BNW; 2:21-cv-00706-RFB-BNW; 2:21-cv-00710-RFB-BNW; 2:21-cv-00716-RFB-BNW; 2:21-cv-00718-RFB-BNW; 2:21-cv-00843-RFB-BNW.

IT IS FURTHER RECOMMENDED that plaintiff be given a deadline to file an amended complaint in the leading case (2:21-cv-00100-RFB-BNW) and set forth all of the claims he wishes to pursue.

IT IS FURTHER RECOMMENDED that all of the motions pending in the following cases be DENIED with leave to re-file—where appropriate—in the leading case should the district judge accept the above recommendations: 2:21-cv-00703-RFB-BNW; 2:21-cv-00704-RFB-BNW; 2:21-cv-00705-RFB-BNW; 2:21-cv-00706-RFB-BNW; 2:21-cv-00710-RFB-BNW; 2:21-cv-00716-RFB-BNW; 2:21-cv-00718-RFB-BNW; 2:21-cv-00843-RFB-BNW.

IT IS ORDERED that in an effort to control its docket and manage its docket effectively, plaintiff shall not file—and the Clerk of Court shall not accept—any additional motions in the following cases until the district judge either accepts or rejects the undersigned's recommendations: 2:21-cv-00703-RFB-BNW; 2:21-cv-00704-RFB-BNW; 2:21-cv-00705-RFB-BNW; 2:21-cv-00706-RFB-BNW; 2:21-cv-00710-RFB-BNW; 2:21-cv-00716-RFB-BNW; 2:21-cv-00718-RFB-BNW; 2:21-cv-00843-RFB-BNW.

DATED: July 16, 2021.

Brenda Weksler
United States Magistrate Judge