UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex, | Case No. 2:21-cv-00100-RFB-BNW |
| Plaintiff, | |
| v. | **Order re [102] and [105]** |
| Jorge Pupo, et al., | |
| Defendants. | |

Before the court are two motions seeking discovery stays. The first motion is by Defendant Judge Togliatti (now retired). ECF No. 102. Plaintiff responded at ECF Nos. 102 and 106. Defendant Judge Togliatti replied at ECF No. 112. The second motion is by Defendant State of Nevada. ECF No. 105. Plaintiff responded at ECF No. 106. Defendant State of Nevada replied at ECF No. 111. Both motions are granted.

**I.    Legal standard**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426–27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175

F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

## II.   Discussion

### a.   Defendant J. Togliatti

The court agrees with the arguments presented by Defendant J. Togliatti and grants the request to stay discovery. First, the court notes that Plaintiff did not respond to the substance of the motion filed by Defendant J. Togliatti. Instead, his response re-alleges some of the facts in the complaint, requests relief as to other motions, and cites in length to Robert's rules of Order. ECF No. 104. As to the other response that seems to correspond to this motion, all plaintiff states to substantively address the issue at hand is that "allowing the motion to stay discovery at this time would thus be to wrongly impose 'avoidable' presumptions of prejudice, among other factors" and that "discovery is necessary because plaintiffs [sic] freedom is on the line…"  ECF No. 106 at 3.

First, Defendant J. Togliatti has filed a motion to dismiss which is currently pending resolution. ECF No. 64. This Motion can be decided without additional discovery. Lastly, after taking a preliminary peak at the merits, the court is convinced that the Plaintiff will be unable to state a claim for relief as to this defendant.

The Court will not provide an in-depth analysis of its evaluation of the motion to dismiss.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Yet, after conducting a preliminary peek the court is convinced that J. Togliatti will be immune as to all acts she

undertook while performing judicial acts. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003) (holding that judges are absolutely immune for judicial acts.). In the Court's broad discretion, it will order the stay of discovery as to J. Togliatti.

### b. Defendant State of Nevada

The court agrees with the arguments presented by Defendant State of Nevada and grants the request to stay discovery. First, the court notes that Plaintiff did not respond to the substance of the motion filed by Defendant State of Nevada. Instead, all plaintiff states to substantively address the issue at hand is that "allowing the motion to stay discovery at this time would thus be to wrongly impose 'avoidable' presumptions of prejudice, among other factors" and that "discovery is necessary because plaintiffs [sic] freedom is on the line…" ECF No. 106 at 3.

First, Defendant State of Nevada has filed a motion to dismiss which is currently pending resolution. ECF No. 13. This Motion can be decided without additional discovery. Lastly, after taking a preliminary peek at the merits, the court is convinced that the Plaintiff will be unable to state a claim for relief as to this defendant.

As explained above, the Court will not provide an in-depth analysis of its evaluation of the motion to dismiss. *Tradebay*, 278 F.R.D. at 603. Yet, after conducting a preliminary peek the court is convinced that the claims against Defendant State of Nevada will be barred by the Eleventh Amendment. Absent consent, a state and its agencies enjoy immunity from suit under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In the Court's broad discretion, it will order the stay of discovery as to Defendant State of Nevada.

### III.   Conclusion

**IT IS ORDERED** that ECF Nos. 102 and 105 are **GRANTED**. Discovery as to Defendant J. Togliatti and Defendant State of Nevada is stayed until after the district judge resolves their pending motions to dismiss.

DATED: July 20, 2021.

Brenda Weksler
United States Magistrate Judge