1
2
3
4
5
6
7                            **UNITED STATES DISTRICT COURT**
8                                **DISTRICT OF NEVADA**
9
                                         * * *
10
11   Mr. Clayton-M. Bernard-Ex,                    Case No. 2:21-cv-00100-RFB-BNW

12                        Plaintiff,               **Order re ECF No. 186**

13        v.

14   Jorge Pupo, et al.,

15                        Defendants.

16        Before the Court is a motion to quash service of process as to Defendants Deanna

17   Molinar, Jeffery Rogan, and Steven B. Wolfson. ECF No. 186. Plaintiff has not responded.

18        In accordance with this Court's Order and Report and Recommendation (ECF No. 126),

19   Plaintiff filed an Amended Complaint on August 10, 2021. ECF No. 167. The Amended

20   Complaint was to combine several claims and defendants that had previously been assigned

21   different case numbers. The instant motion seeks to quash the service of process as it relates to (1)

22   the amended complaint on Deanna Molinar and Jeffery Rogan, and (2) the original complaint on

23   Steven B. Wolfson.

24   **I.    ANALYSIS**

25        Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve an individual

26   with a summons and complaint. If a plaintiff fails to properly serve the summons and complaint,

27   the court cannot exercise personal jurisdiction over the defendant. Fed. R. Civ. P. 4(c)(1); *SEC v.*

28

1    *Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("Service of process is the means by which a court

2    asserts its jurisdiction over the person.").

3          Under Rule 4, a plaintiff may effectuate service by personal service on the defendant, by

4    (1) delivering a copy of the complaint and summons to the individual personally, (2) leaving the

5    summons at the defendant's "dwelling or usual place of abode with someone of suitable age and

6    discretion who resides there," or (3) serving an agent "authorized by appointment or by law to

7    receive service of process." Fed. R. Civ. P. 4(e)(2).

8          Alternatively, service can be made in accordance with the rules of service for the state

9    district court where service is to be made. *Id*. The Nevada Rules of Civil Procedure provide that

10   service must have been accomplished by personal service upon the defendant or service upon "an

11   agent designated by him or her to receive service of process." Nev. R. Civ. P. 4.2(d)(4).

12         A plaintiff bears the burden to establish the validity of service of process once a defendant

13   challenges service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

14         **a.  Deanna Molinar and Jeffery Rogan**

15         Plaintiff filed his proof of service as to these two Defendants at ECF No. 173. Plaintiff left

16   the summons and amended complaint with a receptionist at 500 S. Grand Central Pkwy, Ste 5075,

17   Las Vegas, NV 89101. Defendants argue, appropriately, that this method of service does not

18   comply with the federal or Nevada rules for service of process. It is Plaintiff's burden to establish

19   the validity of service, and Plaintiff cannot meet this burden given that he has not responded.

20         **b.  Steven B. Wolfson**

21         Plaintiff filed his proof of service of the original complaint as to this Defendant at ECF

22   No. 8. Plaintiff states he sent the documents by certified mail on January 22, 2021. ECF No. 8 at

23   3. Defendants argue, appropriately, that this method of service does not comply with the federal

24   or Nevada rules for service of process.[1] Again, Plaintiff bears the burden to establish the validity

25   of service, and he cannot meet this burden given that he has not responded.

26

27         ---
     [1] While service by mail is authorized, it requires the Plaintiff to seek leave of court—which was
     not done here. To seek leave of court means that Plaintiff must file a motion and ask the Court's
28   permission to serve the summons and (amended) complaint by mail.

**III.     CONCLUSION AND ORDER**

As a result, the service of process as to these three Defendants will be quashed. The Court, in its discretion, will set a deadline for Plaintiff to properly effectuate the service of process on these three Defendants. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Accordingly, Plaintiff will have until November 12, 2021 to serve these three Defendants.

**IT IS THEREFORE ORDERED** that the motion at ECF No. 186 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendants Deanna Molinar, Jeffery Rogan, and Steven B. Wolfson by November 12, 2021. Failure to comply with this deadline may result in a recommendation for dismissal.

DATED: September 23, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE